UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL PASSMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00514-JPH-MJD |
| ) | |
| INDIANA PAROLE BOARD, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

Michael Passmore's petition for writ of habeas corpus challenges his September 2020 Indiana Parole Board Hearing. Dkt. 1. His parole term is part of the sentence imposed following his 1997 state-court conviction for attempted murder. Dkt. 13-8. Because Mr. Passmore has not exhausted his state court remedies, his petition must be dismissed.

### I.     Dismissal of Petition

Respondent argues that Mr. Passmore's petition must be dismissed for two reasons: (1) he has previously pursued habeas relief pursuant to 28 U.S.C. § 2254 in this Court, rendering the instant petition an unauthorized successive petition, and (2) he has failed to exhaust his state court remedies.

**A.  Unauthorized Successive Petition**

When there has already been a decision on the merits in a federal habeas action, a petitioner must obtain permission from the Court of Appeals under 28 U.S.C. § 2244(b) to initiate another round of federal review. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); *see* 28 U.S.C.

1

§ 2244(b)(2)(B) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[.]"). "Section 2244(b)(3)(A) is an allocation of subject-matter jurisdiction to the court of appeals." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (internal quotation omitted). Respondent argues that Mr. Passmore's petition is unauthorized because he has previously filed two separate petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. But the petitions Mr. Passmore previously filed in this Court did not challenge his parole revocation or even his underlying conviction. Instead, they were challenges to disciplinary sanctions that Mr. Passmore received in prison. Dkts. 13-1, 13-3. Mr. Passmore has not previously filed a petition challenging his September 2020 parole hearing, nor could he have done so before September 2020. *See United States v. Obeid*, 707 F.3d 898, 902–03 (7th Cir. 2013) (claim brought in later petition that could not have been brought in earlier one because it was "genuinely unripe" is not successive). Thus, Mr. Passmore's petition is not successive, and the Court has jurisdiction over his petition.

### B. Failure to Exhaust

Before seeking habeas corpus review in federal court, a petitioner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770–71(7th Cir. 2016).

Indiana Post-Conviction Rule 1(1)(a)(5) provides a remedy by which a person can challenge revocation of his parole. *See also Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016) (instructing trial court to grant post-conviction relief on petitioner's challenge to parole

revocation). Mr. Passmore's claim falls within the scope of this rule. Accordingly, he must exhaust his claim in state court before filing a federal habeas corpus petition.

Mr. Passmore is aware of this state remedy but argues that it is unavailable to him. Dkt. 15 at 2. He alleges that he attempted to file a petition for post-conviction relief "but it appears as if this legal document has illegally been overlooked or drop[p]ed in the trash." *Id.* He further notes that the prison has been on lockdown since March 2020 due to the COVID-19 pandemic and he is unable to access the law library. Dkt. 17 at 4. He includes as an exhibit a copy of a draft petition for post-conviction relief. Dkt. 17-1 at 1–12. However, the draft petition does not discuss the September 2020 parole hearing at all and the notary dated the petition "February 18, 2020," *id.* at 12, indicating that this petition challenged a previous parole hearing. And, as Respondent observes, Mr. Passmore has an unrelated case in state court that he has been actively litigating. *See*, Chronological Case Summary, *Passmore v. Indiana Department of Correction, et al.*, 49D07-2005-PL-016814 (filed May 21, 2020), *available at* mycase.in.gov. Thus, Mr. Passmore's argument that state procedures are unavailable to him is not well taken.

The interests of comity and federalism dictate that state courts must have the first opportunity to correct constitutional violations that occurred in a state court proceeding before a petitioner proceeds to federal court. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005). Mr. Passmore must exhaust his claims at the state level before he can bring his claim to federal court. Because it is clear that he has not done so, Respondent's motion to dismiss, dkt. [12], is **granted**. Mr. Passmore's habeas petition is **dismissed without prejudice**, which means that he may refile his petition after exhausting available state court remedies. Mr. Passmore's motion for default judgment, dkt. [20], is **denied as moot**.

Judgment consistent with this Order shall now issue.

## II. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as failure to exhaust), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530–31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." It is clear that Mr. Passmore did not exhaust his state court remedies before bringing this action. Therefore, a certificate of appealability is **denied**.

## III. Conclusion

Respondent's motion to dismiss, dkt. [12], is **granted** on the basis that Mr. Passmore failed to exhaust his state court remedies. A certificate of appealability is denied. Mr. Passmore's motion for default judgment, dkt. [20], is **denied as moot**.

**SO ORDERED.**

Date: 9/21/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL PASSMORE
962822
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel